Dear Mr. Boudreaux:
You have requested an opinion of this office as to whether a person who has been retired from public office as an elected judge for more than six months, but who has been performing duties as an ad hoc judge within six months from the present is eligible for nomination, selection and service as a member of the Louisiana Board of Ethics (Board, hereafter).
R.S. 42:1132 B (a) provides that the Governor shall appoint seven members to the Board one of whom ". . . shall be a retired or former justice of the Louisiana Supreme Court, or a retired or former judge of a court of appeals or district court of this state."
Prospective members who may be appointed by the Governor are nominated by a nominating committee which submits a list of at least three names to the governor. The person selected by the governor for appointment is subject to confirmation by the Senate.
R.S. 42:1132B(2)(a) provides in part as follows:
 ". . . the nominating committee shall, within sixty days of a vacancy on the board, submit no less than three names of three different eligible nominees for each position or vacancy to the governor. . ." (Emp. Supp.)
It is our opinion that the nominating committee has the authority to make nominations for all seven-board positions including the position that is reserved for a retired or former jurist.
R.S. 42:1132B(4)(b) and (c) provide as follows:
 (b) No elected official or former elected official may serve as a member of the board within six months of the termination of his term. (Emp. Supp.)
 (c) No public employee or former public employee shall serve as a member of the board within six months of the termination of his employment other than as a member of the board. (Emp. Supp.)
There may be a valid question as to whether the person who is serving as a judge ad hoc is an "elected official" (see: R.S. 42:1102(9)) or a "public employee" (see: R.S. 42:1102(18)); however, this issue would appear to be academic inasmuch as both of the six-month prohibitions for elected officials, and for public employees establish the same barrier to their eligibility to serve on the board.
It should be noted that R.S. 42:1132B(4) establishes three types of prohibitions or disqualifications that pertain to persons who may be considered for appointment to the Board. Paragraph (d) provides that a registered lobbyist is not ". . . eligible for selection . . . " within two years of the date of appointment. . ." (Emphasis Supplied). Paragraph (g) provides that "no person shall be eligible for selection. . ." (Emphasis Supplied) who is a party to a contract with any public entity. Paragraph (h) disqualifies any person who has made, or whose spouse has made, certain donations to an entity represented on the nominating committee, from eligibility for ". . . nomination orselection . . ." (Emp. Supp.) None of these disqualifications pertains to an "elected official" or "public employee".
According to the statutory process, it is apparent that the nominating committee nominates and the Governor selects from among the nominees and then appoints that person to the Board.
Any person, who is currently, or who was a public officer or employee within the prior six months, which includes an ad hoc judge, is eligible for nomination by the nominating committee, and may be selected from the list of nominees by the Governor, and may be appointed to the Board of Ethics at any time; however, that person may not begin to serve until six months, from the end of his term, or from the termination of his employment. Assuming that a judge ad hoc is an "elected official" we believe the termination of his term would occur on the date that the appointment by the Supreme Court would expire, unless the appointee officially resigned from the appointment at an earlier date, in which case that date would control. Finally, we caution that if and when the Governor issues a commission to the appointee, the oath of office must be taken and filed within thirty days of the receipt of the commission. (R.S. 42:141).
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams